IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA S. PIKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11cv961-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Brenda S. Pike ("Pike"), applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the briefs of the parties, the court concludes

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

that the decision of the Commissioner should affirmed.[2]

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

---

[2] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Pike was 50 years old at the time of the administrative hearing, and on the alleged date of onset. (R. 14, 30). She has completed eighth grade. (R. 169). The ALJ concluded that Pike has severe impairments of "degenerative disk disease of the lumbar spine and obesity," but concluded that Pike's carpal tunnel syndrome, migraine headaches, and osteoarthritis in her knees and legs did not constitute severe impairments because there was a lack of objective diagnostic evidence confirming the existence of these conditions. (R. 16). Her prior work experience includes work "as a fast food worker at the light level." (R.

24). Following the hearing, the ALJ concluded that the plaintiff could return to her past relevant work, and thus, she is not disabled. (R. 24-25).

**B. Plaintiff's Claims.** Pike presents two issues for the Court's review. As stated by Pike, they are as follows:

1. The Commissioner's decision should be reversed, because the ALJ failed to evaluate Dr. Durant's medical opinions in accordance with Social Security Ruling 96-2p.

2. The Commissioner's decision should be reversed, because the ALJ failed to fulfill his duty to develop the record.

(Doc. # 12, Pl's Br. at 3). It is to these two issues that the court now turns.

### IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such

> individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

**A. Treating Physician's Opinion**. Pike argues that the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Durant. (Doc. # 12, Pl's Br. at 4). In essence, the plaintiff argues that even if the ALJ did not give Dr. Durant's opinion great weight, he should not have completely rejected Dr. Durant's assessment about her impairments. "[T]he ALJ's opinion does not provide the required rationale as to why Dr. Durant's medical opinions were not entitled to controlling weight or if such standard was not met, why Dr. Durant's medical opinions should not be adopted nonetheless considering his extensive treatment relationship with his patient." (Doc. # 12, Pl's Br. at 6).

Of course, the law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-2.

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

On January 24, 2011, Dr. Durant completed a medical source statement, assessing Pike's ability to do work-related activities. (R. 328-334). Dr. Durant indicated that Pike could lift 10 to 20 pounds occasionally, sit for 20 minutes without interruption, stand for 30

minutes without interruption, and sit, stand and walk for a total of one hour during a work day. (R. 328-29). Dr. Durant indicated that Pike suffered from carpal tunnel syndrome which resulted in her being able to use her hands only occasionally. Her degenerative disk disease affected her ability to use her feet. (R. 330). He opined that while Pike could perform a number of daily activities including shopping, traveling, ambulating, climbing stairs and preparing meals, she could not sort or handle paper or files. (R. 333). Dr. Durant concluded that Pike could not work 8 hours a day, 5 days a week. (*Id.*) Finally, in a clinical assessment of pain, Dr. Durant opined that Pike had pain that "greatly increased . . . to such a degree as to cause distraction from task or total abandonment of task." (R. 334).

The ALJ reviewed all the medical records, and he thoroughly detailed Dr. Durant's treatment notes. After reviewing the medical evidence, the ALJ gave the opinion of Dr. Durant "little weight" because "apparently, he relied quite heavily on the subjective report of symptoms and limitations provided by the claimant." (R. 23). If this were the only reason the ALJ's rejected Dr. Durant's opinion, the plaintiff might be entitled to some relief. However, the ALJ continued.

> Quite simply there is a lack of objective evidence including diagnostic and laboratory testing to support Dr. Durant's diagnoses of carpal tunnel, heart disease and osteoarthritis of the knees. As referenced in the medical records above, the x-rays, MRI and assessments by specialists, Dr. Ryan and doctors at the Orthopaedic Clinic, showed the claimant did not have heart disease, arthritis of knees and did not find her degenerative disc disease of the lumbar spine was sufficient to warrant a recommendation of surgery. There is no evidence of testing to confirm carpal tunnel syndrome (CTS) or any neuropathy although Dr. Durant references CTS in his MMS [Medical Source Statement] and neuropathy in his treatment notes. The claimant does have a herniated disc, but she was "cleared for full activities" as of May 2010 by the

orthopedic specialist.

(R. 23-24).

The ALJ acknowledged that Pike suffers from degenerative disc disease of the lumbar spine but concluded that "there is a lack of evidence that this condition results in total disability." (R. 20). The ALJ also contrasted Dr. Durant's opinion that Pike was disabled with the opinion of Dr. Shiels, the doctor at the Orthopadic Clinic. (R. 23). Dr. Shiels evaluated Pike and concluded that he had

> nothing to offer here in regards to what she has not already tried. We could try some physical therapy but that could run up some bills and she is definitely not interested in any epidural steroid shots. *She is cleared for all activities. I do not see anything that needs operative intervention*.

(R. 260) (emphasis added).

The ALJ's decision to give Dr. Durant's opinion little weight is supported by substantial evidence. In her initial disability report, Pike completed a functions report indicating that she is able to care for her personal needs without assistance; she cooks daily; she does household chores; she shops twice a week; and she goes out two to three times a day. (R. 180-183). It is clear that Dr. Durant's treatment notes reflect Pike's complaints as told to him by Pike. Dr. Durant diagnosed Pike with carpal tunnel syndrome even though there is no evidence in his notes to indicate that Pike ever complained to him of hand pain.[5] It is undisputed that the plaintiff suffers from a herniated disk that gives rise to some pain.

---

[5] The court more fully addresses Pike's argument that the ALJ should have ordered testing to ascertain the extent of her carpal tunnel syndrome in a separate section of this opinion.

However, Dr. Durant's treatment notes do not support the level of disability he attributes to Pike.

The ALJ may disregard the opinion of a physician, provided that he states with particularity reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987). The ALJ examined and evaluated the medical records for evidence supporting Dr. Durant's assessment of Pike's ability to work, and he considered the medical opinion of other doctors, including an orthopaedic specialist who examined Pike. Only then did the ALJ discount Dr. Durant's opinion that Pike was totally disabled. Based upon its review of the ALJ's decision and the objective medical evidence of record, the court concludes that the ALJ properly rejected Dr. Durant's opinion that Pike is totally disabled.

**B. Failure to develop the record.** The plaintiff argues that the ALJ failed in his duty to develop a full and fair record when he did not order any objective medical testing to establish that she suffers from carpal tunnel syndrome. (Doc. # 12, Pl's Br. at 7). In considering a disability claim, the ALJ must fully and fairly develop the facts, including ordering a consultative examination if necessary to make an informed decision. *See Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984); *Ford v. Secretary of Health and Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981). However, an administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision.[6] *Holladay v. Bowen*,

---

[6] At the administrative hearing, Pike's former counsel stated that the reason there was no testing of Pike's hands was because she could not afford testing. (R. 30). It is the law in this circuit that poverty

848 F.2d 1206, 1210 (11th Cir. 1988). The regulations do not require the Commissioner to secure a consultative evaluation, nor do they create a right to a consultative examination.

Here the record does not support Pike's contention that carpal tunnel testing was necessary. Pike testified at the administrative hearing that she had been diagnosed with carpal tunnel syndrome 10 or 12 years ago by a doctor in Georgia. (R. 37, 40). No medical records support this statement. Dr. Durant's treatment note of January 24, 2011 is the only medical record that contains that diagnosis, and on that day, Pike did not complain of pain in her hands.[7] (R. 270-71). The court has scoured Pike's medical records and is unable to find one instance in which she complained to her treating physician, the orthopaedic specialist or the consultative physician about pain in her hands or wrists. During the administrative hearing, Pike testified that she dropped things when she tried to hold anything in her right hand, and that her problem with her hand contributed to disability. (R. 37, 40). When she applied for benefits, Pike did not mention pain in her hands as a condition that limited her ability to work. (R. 164). In her functions report, when describing how her daily activities are affected by her impairments, she indicated that when she does housework including cooking, laundry, and making beds. (R. 182). Although Pike underwent a consultative physical examination on

---

excuses noncompliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988). However, in *Dawkins*, the claimant was denied supplemental security income benefits because of her failure to follow prescribed medical treatment. 848 F.2d at 1212. The Eleventh Circuit held that a claimant cannot be denied benefits due to her failure to secure medical treatment when poverty may excuse non-compliance. *Id*. at 1213-14. In this case, the ALJ did not deny the plaintiff benefits based on her non-compliance with treatment. Therefore, *Dawkins*, *supra*, is inapposite

[7] It is, however, the same day that Dr. Durant completed the medical source statement in which he opined that her carpal tunnel syndrome contributed to her disability.

November 11, 2009, she did not report any problems with her hands or wrists. (R. 238-240). Consequently, the court concludes that the medical evidence in the record is simply insufficient to demonstrate that additional testing was necessary for the ALJ to render an informed decision in this case. On this record, the ALJ did not err by failing to secure testing.

## V. Conclusion

This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled, and is due to be affirmed.

A separate order will be entered.

Done this 18th day of July 2012.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE